165 F.3d 31
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Watasha ALEXANDER, Plaintiff-Appellant,
v.
J.C. PENNEY CO., INC., Defendant-Appellee.
 No. 98-1619.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 9, 1998.*
Decided Dec. 9, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 3:96cv556 RM. Robert L. Miller, Jr., Judge.
 Before Hon. WILLIAM J. BAUER, Hon. ILANA DIAMOND ROVNER, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Watasha Alexander filed suit against J.C. Penney Company, Inc. (Penney) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), alleging that he was discharged from the company because of his race. On February 6, 1998, the district court granted Penney's motion for summary judgment and Alexander appeals. We affirm the grant of summary judgment.
 
 
 2
 Alexander began working for Penney in 1985 as a management trainee. In 1993, Alexander was promoted to senior merchandise manager for the Elkhart, Indiana, store and diversity trainer for his district. In early 1994, complaints about Alexander's irregular refunds prompted a two-month investigation that disclosed he had returned for cash refunds significant amounts of merchandise, without receipts, including worn and stained clothing. He also had purchased items for his father and a friend at a forty percent discount reserved for employee purchases of clothing to be worn to work. Following this investigation, Alexander was fired. He alleges that no one else ever had been fired for this sort of misconduct and that he was singled out by the store's manager, Russell Montgomery, because he is African-American.
 
 
 3
 In his Memorandum in Opposition to the Motion for Summary Judgment, Alexander derives all of his support for these allegations from affidavit and deposition testimony given by himself and Penney employees LeAnn Frost and Denise Kapsa. The district court struck as hearsay the portions of Alexander's deposition regarding whether he knew of any other employee being fired for such conduct, as well as the portions concerning Montgomery's alleged racist attitudes toward other employees. The court similarly struck Frost's testimony on the ground that she had no personal knowledge of store policy regarding firing employees for misconduct similar to Alexander's.
 
 
 4
 After striking this evidence, the district court granted Penney's motion for summary judgment. The district court examined Alexander's claim under the indirect method of proving discrimination, employing the burden-shifting analysis of McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); see also Gonzalez v. Ingersoll Mill. Mach. Co., 133 F.3d 1025, 1031-32 (7th Cir.1998). Under this analysis, the employee must first establish a prima facie case of discrimination by showing that he is a member of a protected group, that he was performing his job satisfactorily, that he suffered a materially adverse employment action, and that he was replaced by someone outside of his protected group. Villa v. City of Chicago, 924 F.2d 629, 631 (7th Cir.1991). Once a prima facie case has been established, the burden shifts to the employer to provide a legitimate non-discriminatory reason for the action it took. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If the employer offers a nondiscriminatory reason, the burden shifts back to the employee to prove that reason is pretextual. Id. at 254. In this case, Alexander admitted violating Penney's sales regulations, so the district court found that he could not establish a prima facie case of discrimination because he could not demonstrate that he was performing his job satisfactorily.
 
 
 5
 Alexander's attorneys withdrew following the grant of summary judgment, leaving Alexander to pursue this appeal pro se. Although Alexander's brief conforms to few if any of this Circuit's applicable rules, it does include excerpts from his counsel's memorandum opposing summary judgment arguing that any explanation Penney may proffer is pretextual. Thus we will consider the legal arguments made in these excerpts as Alexander's argument on appeal. The supplemental materials that Alexander includes in his brief but did not present to the district court are not properly before this court and will not be considered. See Fed. R.App. P. 10(a); Tippecanoe Beverages, Inc. v. S.A. El Aguila Brewing Co., 833 F.3d 633, 636 (7th Cir.1987).
 
 
 6
 We review a district court's grant of summary judgment de novo. Tesch v. County of Green Lake, 157 F.3d 465, 471 (7th Cir.1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To preclude summary judgment, the responding party must come forward with facts "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In determining whether any genuine issue of material fact exists, we must read all facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Tesch, 157 F.3d at 471.
 
 
 7
 Alexander did not specify whether he was using the direct or indirect method of proving discrimination under Title VII. But even if we were to consider all of the summary judgment evidence proffered by Alexander, including the portions stricken by the district court, we could not conclude that Alexander established the existence of a triable issue as to direct discrimination. Alexander's only arguable evidence of direct discrimination was his deposition testimony that Montgomery harbored racist attitudes toward other employees, but in a direct case such alleged attitudes would not be probative of Penney's intent because they were not "related to the employment decision in question." See Huff v. UARCO, Inc., 122 F.3d 374, 384-85 (7th Cir.1997). Therefore we, like the district court, will analyze Alexander's summary judgment evidence under the indirect method.
 
 
 8
 In the district court, Alexander skipped over entirely his burden of establishing a prima facie case of discrimination and focused instead on establishing that any non-discriminatory rationale Penney might offer for his termination was pretextual. Alexander proffered evidence that Montgomery harbored racist attitudes, that his co-workers were not aware of other employees being fired for engaging in the same conduct, and that he acted within his authority in making discounted purchases. Apart from the low probative value and inadmissability of much of the supporting evidence, his pretext discussion was also premature. Courts engage in a pretext analysis only after a plaintiff has established the elements of a prima facie case of discrimination, including job performance that satisfies the company's legitimate expectations. See Villa, 924 F.2d at 631. Here, as in many cases, the pretext analysis blends into this element of the prima facie case. "But the prima facie case is the condition precedent to pretext analysis. And a company need not articulate its nondiscriminatory reason (the pretext phase) to support the discharge of an employee who fails its legitimate job expectations (the prima facie case phase)." Plair v. E.J. Brach and Sons, Inc., 105 F.3d 343, 347 (7th Cir.1997).
 
 
 9
 As the district court correctly discerned, Alexander cannot establish a prima facie case of discrimination because there exists no material dispute that he was not performing satisfactorily when he was fired. Alexander admitted that he was informed of Penney's sales policies and that he later violated them. Alexander attempted to minimize his unsatisfactory performance through evidence that it was not the common practice of Penney to fire employees for such violations and that he would not have been fired if he were not African-American. Thus, Alexander argued, if he were white, Penney would have found that he was performing his job satisfactorily. Most of Alexander's evidence supporting this argument was deemed inadmissible by the district court, a ruling that Alexander does not challenge. In any event, the absence of evidence showing Penney had fired a white employee for a similar violation is not proof that Alexander was singled out because of his race and cannot establish a genuine issue of material fact. In Senner v. Northcentral Technical College, 113 F.3d 750, 757-58 (7th Cir.1997), we affirmed a grant of summary judgment where the plaintiff thought he sufficiently raised an inference of gender discrimination in hiring simply by showing that no male candidate had made the final round of interviews. We held that such speculation was not evidence from which a factfinder might reasonably infer that the defendant more likely than not engaged in gender discrimination. Because Alexander likewise relies only on speculation that discrimination motivated Penney to find his performance unsatisfactory, summary judgment is appropriate in this case as well.
 
 
 10
 Because Alexander has not presented any genuine issue of material fact regarding the circumstances of his termination, the district court's grant of summary judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)